UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PLUM ISLAND SOAP COMPANY, LLC<br><br>Plaintiff,<br><br>v.<br><br>DANIELLE AND COMPANY, INC., a Pennsylvania corporation, and DANIELLE KELLI FLEMING<br><br>Defendant | Docket Number<br><br>1:11-cv-11033 |

## COMPLAINT

### Parties

1.     The Plaintiff, Plum Island Soap Company, LLC, is a Massachusetts limited liability company (collectively "Plum Island"), with a principal place of business located at 205 Northern Boulevard, Plum Island, Newburyport, Massachusetts, 01950.

2.     The Defendant, Danielle and Company, Inc. ("Danielle and Company"), is a Pennsylvania corporation with a principal place of business at 831 Adams Ave. Scranton, Pennsylvania, 18510.

3.     The individual defendant, Danielle Kelli Fleming, is an individual who resides in Pennsylvania. On information and belief, Fleming maintains a place of business at 831 Adams Ave. Scranton, Pennsylvania, 18510. The two Defendants, Danielle Fleming and Danielle and company, unless the context otherwise requires, shall be referred collectively as "Danielle and Company."

### Jurisdiction and Venue

4.     Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121(a).

5. Danielle and Company transacts business in the Commonwealth and contracts to supply services or things in the Commonwealth.

6. Fleming as the principal owner and officer and director, on information and belief, is the party in charge of and responsible for all actions relating to the transactions, events and occurrences that give rise to this complaint.

7. This Court has personal jurisdiction over both Fleming and Danielle pursuant to the Massachusetts Long Arm Statute, M.G.L. c. 223A, § 3 (2011).

8. Substantial activities have occurred in Massachusetts that give rise to Plum Island's claims.

9. Venue in this action is proper pursuant to 28 U.S.C. §§ 1391(b) and (c).

**Facts**

10. In or about 1999, Michele Ulchak began Plum Island Soap Company, a company that produces her line of all-natural, scented soaps, creams, and oils.

11. The business of Plum Island was originally a sole proprietorship; the business is now incorporated into a Massachusetts limited liability company.

12. Plum Island Company owns and holds all of the rights and proprietary interests into and all of the intellectual property that gives rise to any and all of the claims herein.

13. One of Plum Island's most successful products is The Man Can.

14. The Man Can is a gift set of soaps and scents designed to appeal to men.

15. The product description, which appears on every Man Can, states as follows: "Our customers love the spicy, sensual fragrance of these manly bath products. Filled with all-natural soap and accessories made on Plum Island, a small barrier island off the Massachusetts coast, The Man Can (packaged in a shiny silver paint can) includes a strapping bar of soap, zesty

Bay Rum body oil, Spicy Shave, an invigorating sisal mitt, and a jar of Fisherman's Hand Butter to soothe hard-earned calluses."

16. The Man Can is packaged in a distinctive paint can with a large, white label and black block lettering on it clearly marking the product as "The Man Can." On top of the can is a paint can opener and bottle opener embossed with the name of the Plum Island Soap Company.

17. The Man Can is the most successful of Plum Island's products. It has been sold in all fifty of the United States and Canada, and was even recently featured in the Boston Globe as one of its "20 quirky gift ideas under $50."[1]

18. On September 23, 2009, Plum Island applied to register "The Man Can" mark with the United States Patent and Trademark Office (the "PTO"). On August 17, 2010, the PTO approved the application and issued a Certificate of Registration under Registration Number 3833999.

19. Danielle and Company is a company that markets itself as a manufacturer of organic, scented soaps, shampoos, body washes, lotions, and other similar products.

20. In 2009, Danielle started marketing a set of soaps and shampoos for men called "The Manly Man Can," "The Classic Man Can," and "The Modern Man Can" ("the Danielle Cans").

21. The Danielle Cans are marked in a paint can, using trade dress substantially similar to that used by Plum Island.

22. Plum Island, through counsel, has contacted Danielle on at least three separate occasions beginning in or about November 2009. In each of those letters, Plum Island requested that Danielle cease and desist from using the product names "The Manly Man Can," "The Classic Man Can," and "The Modern Man Can," and using the paint can trade dress.

---

[1] http://www.boston.com/business/specials/holiday/2010/quirkyunusualgifts?pg=11

23. Upon information and belief, Danielle by and through its agent and officer Fleming continues to use "The Manly Man Can," "The Classic Man Can," and "The Modern Man Can" in its advertising.

24. Upon information and belief, Danielle by and through its agent and officer Fleming continues to use the paint can motif in the sale of its men's soaps gift set.

25. "The Manly Man Can," "The Classic Man Can," and "The Modern Man Can" are substantially similar in trade dress to The Man Can. They infringe upon Plum Island's trademark, cause confusion in the marketplace, and are detrimental to Plum Island's brand and its mark.

## Claims

### Count I: Trademark Infringement in Violation of the Lanham Act, 15 U.S.C. § 1114 By The Defendants

26. Plum Island realleges the preceding paragraphs and hereby incorporates herein those paragraphs by reference, as though specifically pleaded herein.

27. The Defendants' use of "The Manly Man Can", "The Modern Man Can", "The Classic Man Can" and similar brand names and the "can motif" trade dress is substantially similar in their entireties as to appearance, sound, connotation and commercial impression to the registered trademark "The Man Can" and "can motif" trade dress and constitutes an infringement of Plum Island's registered trademark and trade dress.

28. The Defendants' use of "The Manly Man Can", "The Modern Man Can" and "The Classic Man Can", similar brand names and the "can motif" trade dress are used in connection with the same kinds of goods as those produced, marketed and sold by Plum Island.

29. The purchasing public is likely to be confused, and such use is likely to cause mistake or to deceive the public as to the source or origin of the respective goods, causing irreparable harm to Plum Island for which there is no adequate remedy at law.

30.     As a result of the defendants' conduct, Plum Island has suffered and continues to suffer great harm and has been damaged.

**Count II: Trademark Infringement in Violation of the Lanham Act, 15 U.S.C. § 1125**

31.     Plum Island realleges the preceding paragraphs and hereby incorporates herein those paragraphs by reference, as though specifically pleaded herein.

32.     The Defendants have used in commerce confusingly similar trademarks, namely "The Manly Man Can", "The Modern Man Can" and "The Classic Man Can" marks and has used in commerce the "can motif" trade dress. This constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).

33.     The Defendants' use of the "The Manly Man Can", "The Modern Man Can" and "The Classic Man Can" marks and the "can motif" trade dress has and will likely continue to cause confusion, mistake, and deception among consumers.

34.     The Defendants' unfair competition has caused and will continue to cause damage to Plum Island, and is causing irreparable harm to Plum Island for which there is no adequate remedy at law.

35.     As a result of the defendants' conduct, Plum Island has suffered and continues to suffer great harm and has been damaged.

**Count III: False Description By The Defendants**

36.     Plum Island realleges the preceding paragraphs and hereby incorporates herein those paragraphs by reference, as though specifically pleaded herein.

37.     Defendant's use of the "The Manly Man Can", "The Modern Man Can" and "The Classic Man Can" marks and the "can motif" trade dress is such a colorable imitation and copy of Plum Island's trademark "The Man Can", that it is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Plum Island's

products, or to deceive consumers as to the origin, sponsorship or approval of Defendant's products. Plum Island avers that Defendant's use of the "The Manly Man Can", "The Modern Man Can" and "The Classic Man Can" marks and the "can motif" trade dress comprises a false description or representation of such business or products under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

38. As a result of the defendants' conduct, Plum Island has suffered and continues to suffer great harm and has been damaged.

### Count IV: Unfair and Deceptive Trade Practices under Massachusetts General Laws 93A §§ 2 and 11.

39. Plum Island realleges the preceding paragraphs and hereby incorporate herein by reference, as though specifically pleaded herein.

40. The Plaintiff Plum Island is engaged in trade and/or commerce within the meaning of M.G.L. c. 93A, §§ 2 and 11.

41. The Defendant Danielle and Company and Fleming as an officer, director and/or agent of the business entity engaged in trade or commerce, is also personally liable for those acts that constitute a violation of G.L. c93A.

42. Danielle and Company is engaged in trade and/or commerce within the meaning of G.L. c. 93A §§ 2 and 11.

43. The Defendants' actions discussed herein, namely Defendants' use of the "The Manly Man Can", "The Modern Man Can" and "The Classic Man Can" marks and the "can motif" trade dress constitute unfair and deceptive trade practices within the meaning of M.G.L. c. 93A.

44. Moreover, the continued and repeated misuse of the trademarks, and other identifying marks, after the receipt of numerous notifications and cease and desist

correspondence form Plum Island to Danielle and Company constitutes a knowing and willful violation of G.L. c93A, §§ 2 and 11, which gives rise to punitive damages of not less than two times nor more than three times actual damages, plus attorney's fees, costs, and other costs.

## Count V: Unjust Enrichment

45. Plum Island realleges the preceding paragraphs and hereby incorporate herein by reference, as though specifically pleaded herein.

46. Danielle and Company has financially benefitted from its ongoing infringement of Plum Island's mark.

47. Plum Island has been damaged due to the ongoing infringement of its mark and trade dress by Danielle and Company.

**48.** To the extent that Plum Island has no adequate remedies at law, it would be unjust for Danielle and Company to keep the funds that it earned as a result of its infringing activities.

## Count VI: Common Law Injury to Business Reputation

49. Plum Island realleges the preceding paragraphs and hereby incorporates herein by reference, as though specifically pleaded herein.

50. Plum Island alleges that Danielle and Company's use of Plum Island's trademark and trade dress injures and creates a likelihood of injury to Plum Island's business reputation because persons encountering Danielle and Company and its products will believe that Danielle and Company is affiliated with or related to or has the approval of Plum Island, and any adverse reaction by the public to Danielle and the quality of its products and the nature of its business will injure the business reputation of Plum Island and the goodwill that it enjoys in connection with its trademark and trade dress.

## Count VII: Injunctive Relief

51. Plum Island realleges the preceding paragraphs and hereby incorporate herein by reference, as though specifically pleaded herein.

52. Plum Island has a high likelihood of success on the merits of its claims.

53. In the absence of injunctive relief, Plum Island will suffer irreparable harm to its goodwill and its brand due to Danielle and Company's infringement of Plum Island's mark.

54. Injunctive relief is permitted pursuant to 15 U.S.C. fl 1116.

55. This Court should therefore enter a preliminary injunction and permanent injunction prohibiting Danielle and Company from continuing to engage in their infringing activity.

## Requests for Relief

WHEREFORE, Plum Island requests that this Honorable Court:

1. Find for Plum Island on its claims;

2. Order the Defendants to disgorge any profits and remit the same to Plum Island pursuant to 15 U.S.C. § 1117(a)(1);

3. Award actual damages to Plum Island pursuant to 15 U.S.C. § 1117(a)(2);

4. Award costs to Plum Island pursuant to 15 U.S.C. § 1117(a)(3);

5. Enter an *ex parte* temporary injunction, preliminary injunction, and permanent injunction pursuant to Mass. R. Civ. P. 65 and 15 U.S.C. § 1116:

   a. Enjoining the Defendants from using Plum Island's trademark and/or "can motif" trade dress, or any colorable imitation thereof;

   b. Enjoining the Defendants from using any trademark or trade dress that imitates or is confusingly similar to or in any way similar to Plum Island's trademark "The Man Can", or "can motif" trade dress or that is likely to cause confusion, mistake,

deception, or public misunderstanding as to the origin of Plum Island's products or their connectedness to Defendant;

      c.     Directing the Defendants to file with the court and serve on the Plaintiff within thirty days after the service on the defendant of such injunction a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction;

6.     Find that the Defendants' violations of 15 U.S.C. § 1114(1)(a) were willful and award attorney's fees and treble damages pursuant to 15 U.S.C. § 1117(b);

7.     Find that the Defendants' violations of 15 U.S.C. § 1125(a) were willful and award attorney's fees and treble damages pursuant to 15 U.S.C. § 1117(b);

8.     Find that the Defendants have violated G. L. c93A and to award such damages, including punitive damages of not less than two times nor more than three times actual damages for any finding of willful and/or a knowing violation of the statute, plus attorney's fees and costs;

9.     Award any other relief that this Court deems just and proper.

## Jury Demand

The Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

MICHELE A. ULCHAK,

by her attorneys,

/s/ Jeffrey S. Baker
Jeffrey S. Baker
BAKER & ASSOCIATES, P.C.
Two West Hill Place, Suite 100
Boston, MA 02114
Phone: (617) 573-9505
Fax: (617) 573-9503
E-mail: bakerlaw@aol.com
BBO#544929

and

/s/ Patrick M. Groulx
Patrick M. Groulx
POLIS LEGAL
P.O. Box 45504
Somerville, MA 02145
Phone: (978) 549-3124
Fax: (617) 500-9955
E-mail: pgroulx@polislegal.com
MA BBO No. 673394; NH No. 20376

and

/s/ David Herlihy
David Herlihy
LAW OFFICE OF DAVID HERLIHY
14 Staniford Street
Newton, MA 02466
Phone :(617) 964-4006
Fax: (617) 964-4016
E-mail: david@herlihylaw.com
BBO No. 541907

Dated: June 8, 2011

## VERIFICATION

I, Michele A. Ulchak, state under the pains and penalties of perjury that upon information and belief the facts set forth in this complaint are true and accurate to the best of my knowledge.

*Michele A. Ulchak*
Michele A. Ulchak

Date: June 8, 2011